UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BILLY RAY RISLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:08-CV-2129-G |
| NATHANIEL QUARTERMAN, Director, ) | |
| Texas Department of Criminal Justice, ) | **ECF** |
| Correctional Institutions Division, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Billy Ray Risley, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the application is dismissed for lack of subject matter jurisdiction.

### I. BACKGROUND

In June 1975, petitioner pled guilty to aggravated robbery and was sentenced to 10 years confinement, probated for 10 years. While on probation, petitioner violated one or more conditions of his release. On June 27, 1977, the trial court revoked petitioner's probation and sentenced him to 10 years confinement.

Petitioner did not appeal his aggravated robbery conviction or probation revocation. Instead, after that conviction was used to enhance a 2004 conviction for aggravated assault with a deadly weapon, petitioner filed an application for state post-conviction relief. The application was denied without written order. *Ex Parte Risley*, WR-27,576-14 (Tex. Crim. App. Nov. 19, 2008). Petitioner then filed this action in federal court.

## II. ANALYSIS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Insurance Company*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001). They have "a continuing obligation to examine the basis for their jurisdiction." See *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 173 (5th Cir. 1990).

If the instant petition seeking relief under 28 U.S.C. § 2254 constitutes a second or successive petition, this court cannot exercise jurisdiction over it without authorization from the Court of Appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir.), *cert. denied*, 540 U.S. (2003). Under Fifth Circuit

precedent, a petition is successive when it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. However, a subsequent federal petition is not considered successive within the meaning of § 2244(b) unless it attacks "the same conviction" previously challenged through a federal habeas petition. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[*] Furthermore, a petition that is literally second or successive is not a second or successive application for purposes of § 2244(b) if the prior dismissal is based on prematurity or lack of exhaustion. See *Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." 523 U.S. at 645.

---

[*] Notably, although *Crone* involved a challenge to petitioner's judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction."

Here, Risley has already filed a petition seeking habeas corpus relief under § 2254. *Risley v. Quarterman*, 4:07-CV-2081 (S.D. Houston September 16, 2008) (denying habeas relief and dismissing with prejudice petition challenging cause number 966167). Although Risley's earlier § 2254 petition challenged his 2004 conviction rather than his 1975 conviction, the only way this court has jurisdiction to hear Risley's petition attacking the 1975 conviction is if the court construes it as challenging his 2004 sentence.

The Supreme Court has held that a petitioner may not challenge a conviction for which he is no longer "in custody." *Maleng v. Cook*, 490 U.S. 488 (1989); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989). Risley's petition seeks to attack his 1975 conviction for aggravated robbery, for which he was sentenced to ten years in prison. The sentence for this conviction has long since expired. In 2004, however, Risley was convicted of aggravated assault of a deadly weapon. The court used his 1975 conviction to enhance the sentence for his 2004 conviction. Despite this fact, Risley is no longer "in custody" for the 1975 conviction. *Maleng*, 490 U.S. at 492; *Hendrix*, 888 F.2d at 337.

In *Maleng*, the respondent was convicted of robbery by the state of Washington in 1958 and sentenced to 20 years in prison. *Maleng*, 490 U.S. at 489. In 1976, while he was out on parole from that sentence, he was convicted of assault and aiding a prisoner to escape. *Id.* For these crimes, he received two life terms and one ten year

term, which he began serving in 1978.  In 1985, while in prison, the respondent filed a *pro se* petition for *habeas corpus* relief.  *Id.*  This petition attacked the 1958 bank robbery conviction.  Since the respondent had already served the full sentence for the 1958 conviction, the Court was faced with the question of whether the respondent met the "in custody" requirement.  *Id.* at 492.  It concluded that he did not.  *Id.*  Although the 1958 conviction had enhanced the sentences for the 1976 convictions, the Court refused to interpret "in custody" so broadly as to extend "it to the situation where a habeas petitioner suffers no present restraint from a conviction."  *Id.*  The Court did say, however, that the respondent could challenge the sentences arising out of the 1976 conviction, which had been "enhanced by the allegedly invalid prior conviction."  *Id.* at 493.  Although the respondent had filed a petition challenging the 1958 conviction, the Court took the respondent's *pro se* status into account and construed the petition liberally, viewing it as though he had filed a petition challenging the 1976 convictions.  *Id.*

Since *Maleng*, the Fifth Circuit has made it clear that a petitioner can "challenge a prior conviction for which sentence had been completed when that conviction is used to enhance a subsequent sentence."  *Allen v. Collins*, 924 F.2d 88, 89 (5th Cir. 1991) (holding the "in custody" requirement was met where the defendant challenged a sentence he was currently serving because it had been enhanced by an allegedly illegal prior conviction, the sentence for which had already

- 5 -

expired). However, as *Maleng* held, the challenge must be to the conviction for which the defendant is currently serving a sentence. *Hendrix*, 888 F.2d at 338 ("Enhancement is a collateral consequence insufficient to render the petitioner 'in custody' under the previous conviction."). Nevertheless, if a *pro se* petitioner challenges a prior conviction which was used to enhance a conviction for which he is currently incarcerated, the court may construe the petition as attacking the later sentence. *Maleng*, 490 U.S. at 492; *McCormick v. Radar*, 3 F.3d 436, 1993 WL 346870, *3 (5th Cir. 1993); *Herbst v. Scott*, 42 F.3d 902, 905 (5th Cir.), *cert. denied*, 515 U.S. 1148 (1995).

Thus, the only way this court has jurisdiction over Risley's petition is if the court construes his petition as attacking the sentence for the 2004 conviction. And, as discussed above, if the court so construes the petition, it must be dismissed as successive. Risley has already filed a § 2254 petition challenging the 2004 conviction. Obviously, at the time of that first § 2254 petition, Risley was aware of the 1975 conviction and that it had been used to enhance his sentence. Thus, this court needs authorization from the Court of Appeals to have jurisdiction over this petition.

### III. CONCLUSION

For the reasons discussed above, Risley's § 2254 petition is **DISMISSED** for lack of jurisdiction, without prejudice, however, to his obtaining permission from the Court of Appeals to file a successive petition.

**SO ORDERED**.

April 1, 2009.

/s/ A. Joe Fish
**A. JOE FISH**
**Senior United States District Judge**